UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CHRISTOPHER RAY KELLY<br>          LA. DOC #461607<br>VS. | CIVIL ACTION NO. 3:10-cv-1294<br><br>SECTION P<br><br>JUDGE ROBERT G. JAMES |
| MADISON CORRECTIONAL<br>CENTER, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Christopher Ray Kelly, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 4, 2010. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Allen Correctional Center (ACC), Kinder, Louisiana; however, he complains that he was denied medical care and treatment when he was incarcerated at the Madison Correctional Center (MCC), Tallulah,  and the Forcht-Wade Correctional Center (FWCC), Keithville, Louisiana. Plaintiff sued various corrections officials at those two institutions praying for compensatory and punitive damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous because plaintiff's claims against the defendants are barred by limitations.

*Background*

On August 21, 2001, plaintiff was incarcerated at the East Baton Rouge Parish Prison.  On that date, he slipped and fell and allegedly injured his knee.  Plaintiff filed a civil rights complaint in the United States District Court for the Middle District of Louisiana complaining of the dangerous

conditions of confinement that led to his injury and also that he was thereafter denied appropriate medical care and treatment for his knee injury by the Warden of the East Baton Rouge Parish Prison. *See Christopher Ray Kelly v. Joe Sebella, Warden*, No. 3:01-cv-0966 at Doc. #1. On January 22, 2003, United States Magistrate Judge Christine Noland authored a Report recommending dismissal of the complaint. *Christopher Ray Kelly v. Joe Sebella, Warden,* No. 3:01-cv-0966 at Doc. #13. Plaintiff did not object to the recommendation and thereafter, on March 3, 2003, United States District Judge Ralph E. Tyson approved and adopted the Magistrate Judge's Report and Recommendation and entered judgment dismissing plaintiff's complaint. *Christopher Ray Kelly v. Joe Sebella, Warden*, No. 3:01-cv-0966, Docs. #14-15. Plaintiff did not appeal.

Plaintiff filed the instant complaint on August 4, 2010. According to the complaint, plaintiff was transferred from East Baton Rouge Parish to the MCC on May 8, 2003. While he was incarcerated at MCC, he made numerous requests for medical attention; however, he was told that MCC would not repair his knee injury because surgery was too expensive. Plaintiff continued to file grievances at MCC until he was transferred to FWCC on January 16, 2007.

Plaintiff submitted additional grievances and requests for medical attention while at FWCC; however, his requests were ignored and on February 8, 2007, he was transferred from FWCC to ACC, his present place of confinement. The grievances filed at FWCC remained pending until formally rejected on August 25, 2008.

On some unspecified date plaintiff filed an "IJR-1 form for Judicial Review of Civil Matter" complaining that MCC and FWCC failed to promptly and properly reply to his grievances.

On July 3, 2008, while plaintiff was in custody of the LDOC at ACC, his knee injury was repaired by an orthopedic surgeon at the LSU Health Services, Huey P. Long Hospital in Pineville,

Louisiana.

According to plaintiff, "To this current date the Form IJR-1 for Judicial Review of M.C.C. and Forcht Wade Corr. Center not responding to Mr. Kelly's A.R.P. procedures, still has not received a denial or notice from the D.O.C. headquarters and the 19th Judicial District Court after he wrote the Court several times for disposition on the matter."

Plaintiff's complaint seeks punitive and compensatory damages from corrections officials at MCC and FWCC "... for the pain and suffering ... encountered by inadequate medical care and deliberate indifference to serious medical needs while incarcerated at both prisons without any medical treatment..."

### *Law and Analysis*

### *1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact.  *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if  it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits  alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous.  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).  Federal courts, with regard to prisoner suits filed *in forma pauperis*, are authorized "... to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint seeks damages from corrections officials at MCC and FWCC based upon his claims that those officials repeatedly ignored his demands for medical attention during the period he was incarcerated at those institutions.  According to the complaint, he was incarcerated at MCC from May 8, 2003 to January 16, 2007, and he was thereafter incarcerated at FWCC from January 16 to February 8, 2007.

*2. Limitations*

The district court is authorized to dismiss a claim as frivolous "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations."  *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).  A district court may raise the limitation period *sua sponte*. See *Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues.  *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984).  However, the date of accrual for a §1983 claim is a question of federal law.  *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986).  "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof."  *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co*., 635 F.2d 455, 459 (5th Cir. 1981).  A plaintiff need  not realize that a legal cause of action exists but only that the facts support a claim.  See, *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

Plaintiff's claim that he was denied medical attention while he was incarcerated at MCC accrued at the latest on January 16, 2007, the date he was transferred to FWCC, since it was on that date that he must have realized that MCC would not provide the treatment he requested. Likewise, his claim against FWCC accrued, at the latest on February 8, 2007, the date he was transferred to ACC, since, by that date, he must have been aware that FWCC would not provide treatment.  On

5

those dates plaintiff had knowledge of all the facts necessary to know that his rights were allegedly violated by corrections officials at each institution.

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). Plaintiff's complaint was filed in August 2010, more than 3-years after the claims arose and clearly beyond the 1-year period of limitations. Thus, plaintiff's medical care claims against MCC and FWCC are subject to being dismissed as frivolous because those claims are prescribed.

### 3. Equitable Tolling

Equitable tolling principles apply to civil rights cases filed under 42 U.S.C. § 1983. *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir.1998). However, nothing herein suggests that this plaintiff is entitled to equitable tolling of the limitations period. Lack of knowledge about the law, does not justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding ignorance of the law does not excuse a person's failure to comply with a statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir.1999) (holding plaintiff's unfamiliarity with the legal process and lack of legal representation during the filing period do not warrant equitable tolling). While disease or illness may warrant equitable tolling, the disease must be of such severity that it rendered the litigant unable to pursue his legal claims. *See Fisher v. Johnson*, 174 F.3d 710, 715 (1999) (referring to mental illness); *Smith v. Johnson*, 247 F.3d 240, 2001 WL 43520, at *3 (5th Cir. Jan.3, 2001) (per curiam) (unpublished) (Also referring to mental illness in the context of a *habeas corpus* claim and holding, "[A] prisoner's claim of mental incompetence may support tolling the AEDPA time limit if the mental impairment precluded the

6

prisoner from effectively asserting his legal rights")

Based on the evidence currently available, plaintiff is not entitled to the benefits of equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.2000) (discussing the availability of equitable tolling in the context of *habeas corpus* under the AEDPA and noting that neither ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, lack of access to federal statutes and case law, incarceration, illiteracy, deafness, lack of legal training, nor actual innocence claims support equitable tolling of the AEDPA statute of limitations). *See also Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002) ("[equitable tolling] will not be applied where the applicant failed to diligently pursue ... relief...").

Plaintiff implies that he is entitled to equitable tolling of the 1-year period of limitations for the time he spent awaiting responses to his ARP grievances. Indeed, the Fifth Circuit has determined that because exhaustion of administrative remedies is mandatory before a prisoner can file his § 1983 complaint, the statute of limitations should be tolled while he is pursuing such remedies. *Harris v. Hegmann*, 198 F.3d 153, 157-58 (5th Cir.1999).

Nevertheless it appears that even if plaintiff is afforded the benefits of equitable tolling during the pendency of his grievance process, his complaint is still prescribed.

According to the pleadings, plaintiff's latest grievance was denied by the FWCC administration on August 25, 2008.  He claims to have timely sought further review with the Secretary of the LDOC as required by Louisiana law; however, he also claims that he has yet to obtain a response from the Secretary.

Louisiana's Administrative Remedies Procedure, codified at 22 La. ADC Pt. I, §325(G) provides the methods and procedures for prisoners seeking administrative review of their claims.

Pursuant to Subsection G(1), the prisoner's first step grievance is instituted by a letter to the warden setting out the basis for the claim and the relief sought.  This first step must generally be submitted to the warden within 90 days of the event complained of. Under the terms of the regulation, the Warden must respond within 40 days. See 22 La. ADC Pt. I, §325(G)(1)(a).  If the inmate is dissatisfied with the Warden's response, he must appeal to the Secretary of LDOC within 5 days. The Secretary must respond within 45 days. 22 La. ADC Pt. I, §325(G)(2)(a).

Plaintiff claimed that he submitted ARPs to the Secretary in a timely fashion, but did not obtain a response. However, according to the regulations, "... expiration of response time limits shall entitle the inmate to move on to the next step of the process..." Thus, accepting all of plaintiff's allegations as true, his administrative remedies ceased to be pending when the 45 day period provided for the LDOC's Secretary's response lapsed and he did not obtain a response to his appeal.  In other words, plaintiff's grievance was no longer validly pending so as to toll limitations by October 2008 when the 45- day deadline following August 25, 2008 expired.  Clearly, more than 1 untolled year elapsed between October 2008 and August 2010 when plaintiff filed his complaint, and therefore, even if plaintiff is afforded the benefits of equitable tolling for the period that his administrative remedies remained pending, the instant complaint is still time-barred.[1]

### Orders and Recommendation

**IT IS RECOMMENDED** that plaintiff's civil rights complaint (42 U.S.C. §1983) be **DISMISSED WITH PREJUDICE** as frivolous.

---

[1] Of course, plaintiff is entitled to object to this Report and Recommendation as is shown more fully below. In the event that he does object, he is encouraged to offer additional evidence and argument to support any claim for tolling, equitable, statutory, or otherwise, along with any non-frivolous claim to establish that limitations does not apply to his claims against MCC and FWCC personnel.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers at Monroe, Louisiana, October 13, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE